FILED

2014 Nov-06  AM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REGINALD D. McDANIEL, | } | |
| | } | |
|     Plaintiff, | } | |
| | } | |
| v. | } | Case No.:  2:14-cv-00342-RDP |
| | } | |
| KATHERINE ARCHULETA, | } | |
| | } | |
|     Defendant. | } | |

## MEMORANDUM OPINION

This case arises out of attorney Reginald McDaniel's 2009 efforts to be selected as an Administrative Law Judge.  This matter is before the court on Defendant's Motion to Dismiss or for Summary Judgment.  (Doc. # 4).  The Motion has been fully briefed.  (Docs. # 5, 12 and 13). For the reasons discussed below, Defendant's Motion is due to be granted.

## I.	Background

In November 2009, Plaintiff Reginald McDaniel submitted an application for an Administrative Law Judge ("ALJ") vacancy.  (Doc. # 1 at ¶ 6).  During the application process, Defendant failed to notify Plaintiff that he had passed the initial steps.  (Doc. # 1 at ¶ 7). Defendant further failed to notify Plaintiff of the scheduling of an oral and written examination phase of the application process, thereby causing Plaintiff to miss the examination.  (*Id*.)  He was thereafter denied an ALJ position.  (*Id*.).

Based on these events, Plaintiff filed a negligence claim against Defendant under the Federal Tort Claim Act alleging that Defendant's conduct was "wrongful and negligent."  (Doc.

# 1 at ¶ 11).  Plaintiff alleges that Defendant has admitted its negligence in this regard.  (Doc. # 1 at ¶ 9).[1]

## II.      Standard of Review

In most instances, the Federal Rules of Civil Procedure require only that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Nevertheless, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The complaint must include enough facts "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations.  *Twombly*, 550 U.S. at 555, 557.  To be plausible on its face, the claim must contain enough facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

The court must construe pleadings broadly and resolve inferences in a plaintiff's favor. *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006). However, the

---

[1] The court notes that Plaintiff misquotes Defendant's correspondence.  Plaintiff cites the correspondence as, "due to administrative error your admission/scheduling notices were sent to the WD and SI in March 2010 were *negligently* sent to a different email address."  (Doc. # 1 at ¶ 9)(emphasis added).  The correspondence itself actually states, "due to administrative error your admission/scheduling notices were sent to the WD and SI in March 2010 were *mistakenly* sent to a different email address."  (Doc. # 1-3 at 2) )(emphasis added).

court need not accept inferences that are unsupported by the facts asserted in the complaint. *Snow v. DirecTV, Inc*., 450 F.3d 1314, 1320 (11th Cir. 2006). Ultimately, the well-pleaded complaint must present a reasonable inference from the facts it alleges that show a defendant is liable. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012). To survive Counter-Defendants' Motion, the allegations of Plaintiffs' second amended counterclaim must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1949.

Defendant has also challenged this court's jurisdiction to hear Plaintiff's claims. Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can exist in two substantially different forms: facial attacks and factual attacks. *Sinaltrainal v. Coca–Cola Co*., 578 F.3d 1252, 1260 (11th Cir. 2009). When presented with a facial attack on the complaint, the court determines whether the complaint has sufficiently alleged subject-matter jurisdiction. *Sinaltrainal*, 578 F.3d at 1260. The court proceeds as if it were evaluating a Rule 12(b)(6) motion; that is, it views the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Id*.

## III.   Analysis

Defendant argues that Plaintiff's Complaint should be dismissed for three separate reasons: (1) Plaintiff failed to make an administrative claim under the FTCA, a prerequisite to filing suit; (2) Plaintiff's claim is preempted by the Civil Service Reform Act; and (3) Plaintiff failed to name the proper Defendant under the FTCA. As noted below, the court cannot properly evaluate Defendant's first argument because it relies upon evidentiary matters outside the

pleadings.  Defendant's second and third arguments, however, are properly evaluated under Rule 12(b)(6).

### A.      Did Plaintiff Make A Claim Under the FTCA?

As to the question of whether Plaintiff made a proper administrative claim under the FTCA, Plaintiff has both pleaded and presented evidence that he submitted such a claim.  (Docs. # 1-1, 12-1).  On the other hand, Defendant has presented an affidavit stating that the person responsible for maintaining the records regarding claims filed against the OPM under the FTCA made a search for a claim filed by Plaintiff but did not find one in the OPM's files.  (Doc. # 6-2).

"If matters outside the pleadings are presented by the parties and considered by the district court, the Rule 12(b)(6) motion must be converted into a [Fed.R.Civ.P.] 56 summary judgment motion." *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also* Fed.R.Civ.P. 12(d). Nevertheless, "[i]n ruling upon a motion to dismiss, the district court *may* consider an extrinsic document *if* it is (1) central to the plaintiff's claim, *and* (2) its authenticity is not challenged." *Speaker*, 623 F.3d at 1379 (quotation omitted; emphasis added). However, "in adjudicating a motion to dismiss, the district court may not resolve factual disputes.*" Page v. Postmaster General and Chief Executive Officer of U.S. Postal Service*, 493 Fed.Appx. 994, 995-96 (11th Cir. 2012) (citing *Chappell v. Goltsman*, 186 F.2d 215, 218 (5th Cir. 1950) and *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (indicating that, under Rule 12(b)(6), the existence of disputed material facts precludes the district court from granting a motion to dismiss).

Here, Plaintiff has properly alleged that he made a proper administrative claim. Moreover, there appears to be a fact dispute concerning this issue.  That is, the record presently

before the court contains conflicting evidence on the question of whether Plaintiff filed an administrative claim.  This precludes the court from resolving this issue of fact at this stage of the case.   The court concludes Plaintiff (1) has properly pleaded that he submitted an administrative claim and (2) there is a sufficient dispute about whether Plaintiff satisfied that prerequisite.  Accordingly, Plaintiff's FTCA claim survives Defendant's current motion on this ground.  (See Docs. # 1-1, 6-2 and 12-1).

**B.      Did Plaintiff Name the Proper Defendant?**

The FTCA authorizes claims only against the United States. See 28 U.S.C. § 2679(b)(1) (providing that the remedy against the United States for injuries resulting from the acts of government employees acting in the scope of their employment is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"); *see also Trupei v. U.S.*, 304 Fed.Appx. 776, 782 (11th Cir. 2008) (quoting *Galvin v. Occupational Safety and Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("'It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.'").

Although Plaintiff named the United States in the body of his Complaint (Doc. # 1 at ¶ 2), he named "Katherine Archuleta, Director of Office Personnel Management Jointly and Severally" in the style of the Complaint and that is whom was served with the Summons and Complaint.  (Doc. # 2).  Defendant Archuletta is not a proper defendant in this case.  28 U.S.C. § 2679(b)(1).   Therefore, Plaintiff's FTCA claim against Defendant Archuletta is due to be dismissed.

### C.      Plaintiff's Claim is Preempted by the Civil Service Reform Act

As the Eleventh Circuit has noted in addressing a case involving the Civil Service Reform Act ("CSRA"), "we note that it provides a comprehensive framework for the judicial and administrative review of prohibited personnel actions taken against federal employees and applicants for federal employment." *Crawford v. U.S. Dept. of Homeland Sec.*, 245 Fed.Appx. 369, 374 (11th Cir. 2007).   "Given the remedial system set forth in the CSRA, [the Fifth Circuit has] held that the CSRA provides the *exclusive* remedy for claims against federal employers, thereby precluding any other causes of action." *Crawford*, 245 Fed.Appx. at 374 (emphasis added) (citing *Grisham v. United States*, 103 F.3d 24, 26 (5th Cir. 1997) (per curiam); *Rollins v. Marsh*, 937 F.2d 134, 137-40 (5th Cir. 1991)).   Therefore, "courts have rejected constitutional, tort, and contract claims as being precluded by the CSRA."   *Id. (citing Bush v. Lucas*, 462 U.S. 367, 368 (1983) (First Amendment claim); *Grisham*, 103 F.3d at 26 (First Amendment claim and claims under the FTCA); *Rollins*, 937 F.2d at 139-40 (constitutional claims and state common law claims); *Wheeler v. Potter*, 2007 WL 268777, at *3 (N.D. Tex. 2007) (contract claim)).

Where a plaintiff's claims are related to her interaction with the government regarding a position she was seeking, those claims are "properly dismissed … as precluded by the CRSA." *Crawford*, 245 Fed.Appx. at 374.   Here, although Plaintiff's claim is styled as a negligence claim, it is inextricably intertwined with his interaction with the government regarding an ALJ position vacancy and the government's decision not to *hire* Plaintiff into that position. Moreover, Plaintiff requests a measure of compensatory damages on his negligence claim for a sum certain which he explains is four years' pay at the ALJ starting salary of $127,000 per year plus emotional distress damages.  (Doc. # 1 at 2).

Because Plaintiff's negligence claim relates to his interaction with the government regarding a position he was seeking, consistent with *Crawford*,[2] his claim is preempted by the CSRA.

## IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss or for Summary Judgment is due to be granted.  A separate order will be entered.

**DONE** and **ORDERED** this November 6, 2014.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[2] Obviously, *Crawford* is an unpublished decision and therefore is not binding authority.  *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n. 7 (11th Cir. 2007) ("Unpublished opinions are ... persuasive only insofar as their legal analysis warrants.").  Nevertheless, the court finds it is well-reasoned and supplied the correct rule of law which is controlling on this issue.